# Commonwealth *ex rel.* Bridgewater School Directors *versus* The Council of Montrose Borough.

1. The 30th section of the Act of April 3d 1851, regulating boroughs, although in terms it applies to "*any borough*," is limited to boroughs created after the passage of that act.

2. In Acts of Assembly, generality of expression is often to be restricted, by regard to the subject-matter in respect to which it has been used.

3. The purpose of the Act of 1851 is to form a system for the regulation of boroughs incorporated *after* its passage.

ERROR to the Court of Common Pleas of *Susquehanna county*.

This was a *quo warranto* issued at the relation of E. G. Babcock and others, School Directors of Bridgewater township, against H. F. Turrell and others, Town Council of the Borough of Montrose.

The borough of Montrose had been incorporated in 1824, and on the 11th of April the limits of the borough were enlarged, in accordance with the provisions of the Act of April 3d 1851 (regulating boroughs), § 30, by taking in part of Bridgewater township. The section authorizes "The burgess and town council of any borough, on petition of twenty of the freehold owners of lots, &c., in any section lying adjacent to said borough, to admit such section into the borough." The respondents in their answer justified under this section of the act, and the relators demurred, raising the question whether it referred to *all* boroughs, or to such only as were incorporated after the passage of the act.

The court below (Streeter, P. J.) gave judgment for the respondents on the demurrer, which was assigned for error.

*R. B. & G. P. Little*, for plaintiffs in error, cited Packer *v.* Sunbury and Erie Railroad Co., 7 Harris 211; Bank of Pennsylvania *v.* Commonwealth, Id. 144; Act of 1851, § 1, Pamph. L. p. 320; § 27, p. 326; § 33, p. 327; Commonwealth *v.* McWilliams, 1 Jones 61.

The Reporter had no paper-book of defendants in error.

The opinion of the court was delivered, October 17th 1866, by

STRONG, J.—In the court below judgment was given against the Commonwealth on the demurrer to the plea of the defendants, and the case has been brought here for review. The only question presented by the record is, whether a borough incorporated by Act of Assembly in 1824, is embraced in the provisions of the 30th section of the general act, entitled "An Act regulating Boroughs," passed on the 3d day of April, A. D. 1851, Pamph. L. 1851, page 320. The language of that section is, "That the burgess and town council of any borough shall have power, and

[Commonwealth *v.* Council of Montrose.]

by virtue of this act are directed and required, on petition of any number, not less than twenty, of the freehold owners of lots or out-lots or other tracts of land in any section lying adjacent to said borough, to declare by ordinance the admission of the section on which such petitioners and others reside, and the said section shall for ever thereafter be deemed and taken and allowed to be a part of said borough, and subject to the jurisdiction and government of the municipal authorities of said borough, as fully as if the same had been originally a part of the said borough." The words used are broad, and if they are to be taken without reference to the other sections of the act, they are sufficiently comprehensive to embrace every description of borough within the Commonwealth. But in Acts of Assembly, as well as in contracts, generality of expression is often to be restricted by regard to the subject-matter in respect to which it has been used. In looking at the Act of 1851, of which the section quoted constitutes a part, its purpose appears clearly to be to form a system of laws for the regulation of boroughs that might be incorporated after the date of its passage. The 1st section enacts, "that every borough within this Commonwealth that hereafter (thereafter) may be incorporated by an Act of the General Assembly or by the Court of Quarter Sessions of any county shall have" certain powers, describing them.

The 2d section continues the description, and prescribes in whom the powers shall be vested. The 3d section imposes certain duties upon the corporate officers. The following sections to the 13th, including it, regulate the duties of particular officers. The sections from 14 to 20, inclusive, make provision for elections. The six next succeeding sections relate to the incorporation of new boroughs.

Thus far every provision undoubtedly refers to no other boroughs than those mentioned in the 1st section, to wit, those that might be incorporated after the passage of the act. The 27th section declares, that the powers and duties of the corporation shall be subject to certain provisions mentioned. This must refer to the boroughs before described, for no other had been spoken of. The 28th and 29th sections refer expressly to boroughs incorporated under the act itself; the 29th requiring that all charters granted under the act shall set forth the boundaries of the borough. Then follows the 30th section in the words quoted.

It is thus obvious that the entire subject-matter of the legislation is boroughs incorporated after April 3d 1851. And if the subject-matter is any guide to the meaning of the legislature it leads here to the conclusion, that the phrase "any borough" signifies any one described in the 1st section. Especially does this appear to be the right construction, when it is noticed that the 33d sec-

[Commonwealth v. Council of Montrose.]

tion makes provision for other boroughs incorporated before the passage of the act. It enables them, on application to the Court of Quarter Sessions, to become subject to the restrictions, and to possess the powers and privileges conferred by the act upon such as might thereafter be incorporated. By thus designating a mode by which they can obtain the privilege of extending their boundaries, as well as the other powers mentioned, the legislature has indicated its own opinion, that the prior sections gave them no such powers.

We hold, therefore, that the 30th section of the act applies only to boroughs incorporated since the 3d of April 1851. It follows that the Court of Common Pleas erred in giving judgment for the defendants on the demurrer.

> Judgment reversed, and judgment for the Commonwealth on the demurrer to the plea.